# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON LAMONT WHEELER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 23-1240-JWB-KGG |
| FITZGIBBON HOSPITAL, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER GRANTING
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND SHOW CAUSE ORDER

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Damon Lamont Wheeler has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **ORDERS** Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action because Plaintiff has failed to state any facts in support of his claim.

**A.     Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—

1

fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his Motion and Affidavit of Financial Status, the Court finds that Plaintiff has shown an inability to pay the filing fee. Thus, the Court **GRANTS** his motion to proceed without prepayment of fees (Doc. 3). Based on the remainder of this Order, however, the Clerk is not directed to issue summons for service upon the Defendant at this time.

**B.      Sufficiency of Complaint and Show Cause Order.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those

2

facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so

because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The Form Complaint submitted by Plaintiff actually consists of two form Complaints – one is the form Civil Complaint, in which he indicates medical malpractice and a violation of his civil rights (Doc. 1, at 1-6), and the other is the form Employment Discrimination Complaint, in which he indicates a violation of his civil rights under Title VII and a violation of the Americans with Disabilities Act (*Id.*, at 7-11). In the portion of the form Civil Complaint wherein Plaintiff is instructed to provide a "short and plain statement" of his claim "showing that [he] is entitled to relief," Plaintiff writes "Civil Rights Code 441; medical malpractice; the concerns of medical attention given (administered)." (*Id.*, at 3.) Plaintiff does not, however, provide any specific factual allegations in his Complaint. He provides no narrative as to what allegedly happened, when it allegedly occurred, who allegedly violated his rights, how they allegedly did so, or the nature of the medical malpractice he alleges to have occurred. The named Defendant is not even referenced factually in this portion of the Complaint. (*Id.*, at 3.)

In the portion of Plaintiff's pleading consisting of the form Employment Discrimination Complaint (*Id.*, at 7-11), he states that the is "black," male, born in 1983, his religion is "Spiritual yawea [sic]," his national origin is "African American," and his disability or perceived disability is "schizoaffective disorder, axis II Binomial Disorder." (*Id.*, at 9.)  He checks the box indicating "retaliation" as the discriminatory conduct of Defendant. (*Id.*)  In the section wherein he is instructed to state "the essential facts" of his claim "as briefly and clearly as possible," he merely writes "medical malpractice, discrimination."[1] (*Id.*)

Plaintiff again fails to provide any specific factual allegations in his Complaint.  He provides no narrative of what happened, who allegedly violated his rights, or how they allegedly did so.  The named Defendant is again not referenced factually. (*Id.*, at 3-4.)  As for when the alleged discrimination or retaliation occurred, Plaintiff simply writes "7/11." (Doc. 1, at 8.)  The Court cannot determine if Plaintiff means July of 2011 or July 11, 2023.  This obviously implicates serious statute of limitations issues.

Plaintiff also indicates that he has not filed a charge of discrimination against Defendant with the Kansas Human Rights Commission or the Equal Employment Opportunity Commission. (Doc. 1, at 8.)  This raises potentially fatal subject matter jurisdictional issues as to his claims of employment discrimination. *Raymond v. Spirit Aerosystems Holdings, Inc.*, No. 16-1282-JWB, 2020 WL 4596862, *6-7 (D. Kan. Aug. 11, 2020).

Simply stated, Plaintiff has not alleged in his Complaint (Doc. 1) sufficient facts to allow the Court to determine the basis of the alleged employment discrimination, medical malpractice, and/or violations of his civil rights.  Plaintiff has not alleged how Defendant is responsible for any such alleged violation(s) of his rights or for any alleged malpractice, when the events allegedly occurred,

---

[1] In his *IFP* application, Plaintiff states that the case is about the "violation of civil rights, medical malpractice, retaliation; violation of disability, violation of religion." (Doc. 3, sealed, at 1.)

5

or how he was allegedly harmed as a result of Defendant's acts or omissions. Given the dearth of factual information in the form Complaint, Plaintiff has failed to allege facts to support his potential claims against Defendant.[2]

As such, the undersigned Magistrate Judge directs Plaintiff to either **show cause in writing** or file an Amended Complaint **on or before December 18, 2023**, to address the deficiencies enumerated herein. Thereafter, the undersigned Magistrate Judge will review Plaintiff's supplement to determine whether to **recommend** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff **show cause in writing** why the undersigned Magistrate Judge should not **recommend** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** or file an Amended Complaint to address the deficiencies enumerated herein. Plaintiff must do so **on or before December 18, 2023**.

IT IS THEREFORE ORDERED that a copy of this Order shall be sent to Plaintiff via certified mail.

IT IS FURTHER ORDERED that the Clerk <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 16th day of November, 2023.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[2] This Court has previously instructed Plaintiff about similar issues with insufficient Complaints in other lawsuits he has filed in this District. *Wheeler v. Coleman USA*, 22-1250-TC-KGG (Docs. 6, 14, 18) and *Wheeler v. Kanas Department for Children and Families*, 23-1021-JWB-GEB (Docs. 4 (text Order to Show Cause), 12, 20).