IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER,                )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )   Case No. 23-1240-JWB-KGG
                                     )
FITZGIBBON HOSPITAL,                 )
                                     )
                Defendant.           )
                                     )

**MEMORANDUM & ORDER DENYING**
**MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff Damon Lamont Wheeler's Motion to Appoint Counsel. (Doc. 4.) After reviewing the motion, the Court **DENIES** Plaintiff's motion for the reasons stated herein.

The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the

1

appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff was previously given leave to proceed *in forma pauperis* in this case. This weighs in favor of appointing counsel. The second factor relates to the Plaintiff's diligence in searching for counsel. Plaintiff must show that he "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiffs imply states "I've contacted the same legal counsellors from other civil proceedings in Sedgwick Co Kansas must [sic] pro se." (Doc. 4, at 2.) This statement is patently insufficient for purposes of this motion. As such, the Court cannot find that Plaintiff has been diligent in his search for counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff has filed a *pro se* Complaint indicating claims for malpractice, violations of his civil rights, and employment discrimination. (*See generally* Doc. 1.) As stated in the Court's Order to Show Cause, there are serious concerns as to the viability of Plaintiff's claims in federal court. Because Plaintiff has not yet had an opportunity to respond to the Show Cause Order, the Court will express no opinion as to how the ultimate merit of those claims relate to the present motion.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

The Court understands that Plaintiff feels like he has meritorious claims and deserves an attorney to represent him.  That, by itself, however, is not a basis for the Court to appoint an attorney.  While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel.[1]   As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

  **SO ORDERED.**

  Dated November 16, 2023, at Wichita, Kansas.

                /S/ BROOKS G. SEVERSON
                Brooks G. Severson
                United States Magistrate Judge

---

[1] The Court notes that Plaintiff's request for counsel in another case filed in this District has been denied for similar reasons.  *Wheeler v. Coleman USA*, 22-1250-TC-KGG (Doc. 10).