IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON LAMONT WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-1240-JWB-KGG |
| | ) |
| FITZGIBBON HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**REPORT & RECOMMENDATION
OF DISMISSAL OF COMPLAINT**

After review of the *pro se* Plaintiff's federal court Complaint (Doc. 1), the undersigned Magistrate Judge issued a Show Cause Order (Doc. 5), instructing Plaintiff to show cause in writing as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action because Plaintiff has failed to state any facts in support of his claim.  Plaintiff has since submitted his written response (Doc. 11) to the Show Cause Order.  After review of the same, the undersigned **recommends** that the District Court **DISMISS** Plaintiff's case for failure to state a viable federal cause of action.

I.      **Standards for Review of *IFP* Complaints.**

As the Court explained in the Show Cause Order, pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG,

1

2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts

to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

## II. Analysis of Complaint and Response to Show Cause Order.

As previously discussed, the form Complaint submitted by Plaintiff actually consists of <u>two</u> form Complaints – one is the form Civil Complaint, in which he indicates medical malpractice and a violation of his civil rights (Doc. 1, at 1-6), and the other is the form Employment Discrimination Complaint, in which he indicates a violation of his civil rights under Title VII and a violation of the

3

Americans with Disabilities Act (*Id.*, at 7-11). In the portion consisting of the form Civil Complaint, Plaintiff stated the following: "Civil Rights Code 441; medical malpractice; the concerns of medical attention given (administered)," but failed to provide any factual allegations in support thereof. (*Id.*, at 3.) The named Defendant was not even referenced factually in this portion of the Complaint. (*Id.*, at 3.)

In the form Employment Discrimination Complaint submitted by Plaintiff (*Id.*, at 7-11), he states that the is "black," male, born in 1983, his religion is "Spiritual yawea [sic]," his national origin is "African American," and his disability or perceived disability is "schizoaffective disorder, axis II Binomial Disorder." (*Id.*, at 9.) He checks the box indicating "retaliation" as the discriminatory conduct of Defendant. (*Id.*) In the section wherein he was instructed to state "the essential facts" of his claim "as briefly and clearly as possible," he merely wrote "medical malpractice, discrimination."[1] (*Id.*) Again, Plaintiff provided no specific factual allegations and the named Defendant was not referenced factually. (*Id.*, at 3-4.)

In his response to the Show Cause Order, Plaintiff indicates that his claims relate to "the circumstances of suffering numerous injuries sustained from a car accident with numerous injuries that were not listed in injury report." (Doc. 11.) He contends he was

> never administered proper medical attention. Plaintiff Damon L. Wheeler notified medical attention authorities in Saline County. [sic] To contact family as emergency contacts that accident took place noting that Plaintiff never became agitated, aggressive, or combative at any point in Time while law enforcement gave acknowledgement that any accident took place. Under 38 u.s.c. Code 7316-1346(B) and 2672 of title 2 (B). Plaintiff Damon L. Wheeler was Held without no ideation of any sort of standards to medical signed Judges orders. No communication of medical history and no release of information was given to staff in violation of 42 u.s.c. 21 (B) (Religion Freedom Restoration) as religious specified spiritual religion but identified numerous inconsistencies in initial pages of medical summary. Upon Plaintiff release from patient reports were noticed and the proper

---

[1] In his *IFP* application, Plaintiff states that the case is about the "violation of civil rights, medical malpractice, retaliation; violation of disability, violation of religion." (Doc. 3, sealed, at 1.)

4

>  complaint number was provided from investigation by the Missouri Human Rights Commission forwarding in case number by the United States District Courts.

(*Id.*)

Plaintiff's supplemental allegations are virtually indecipherable.  As an initial matter, regarding the form Employment Discrimination Complaint, despite Plaintiff using the employment discrimination form and stating Title VII and ADA violations, there is no reference to Plaintiff having been employed by Defendant Fitzgibbon Hospital or when any alleged employment discrimination or retaliation may have occurred.  The Show Cause Order pointed out that Plaintiff had apparently not filed a charge of discrimination against Defendant with the Kansas Human Rights Commission or the Equal Employment Opportunity Commission. (*See* Doc. 5, at 5, referencing Doc. 1, at 8.)  After review of Plaintiff's response to the Show Cause Order, the Court surmises that Plaintiff's use of the form Employment Discrimination Complaint was an error and his claims do not include allegations <u>employment</u> discrimination or retaliation against the named Defendant.

Instead, Plaintiff appears to allege that he received medical treatment after some type of automobile accident and that there may have been issues with his interactions with law enforcement officials.  No date is given for when this automobile accident allegedly occurred and no law enforcement officials are named as Defendants in this case.  In the Show Cause Order, the Court stated that it could not determine when the alleged discrimination or retaliation occurred, because Plaintiff had simply written "7/11." (Doc. 1, at 8.)  The Court was unable to determine if Plaintiff meant July of 2011 or July 11, 2023, which implicates serious statute of limitations issues. (Doc. 5, at 5.)  Plaintiff's written response to the Show Cause Order does not clarify or address the confusion as to the relevant dates. (See generally Doc. 11.)

5

Additionally, Plaintiff's reliance on 38 U.S.C. §§ 7316 and 1346(b) is confusing as those sections of the United States Code relate to damages for personal injury allegedly arising from malpractice or negligence of a health care employee in cases in which the United States is a Defendant. There is no indication in Plaintiff's Complaint or response to the Show Cause Order that the United States is, or should be, a Defendant in this case. Plaintiff has named only Fitzgibbon Hospital as a Defendant. There are no allegations that this health care facility is administered by the United States government.

Further, the Court is unable to determine from the information alleged by Plaintiff how the acts or omissions of Defendant Fitzgibbon Hospital constitute a violation of Plaintiff's religious freedom (as per his reference to 42 U.S.C. 21B). Plaintiff has not supported his allegation that "[n]o communication of medical history and no release of information was given to staff in violation of 42 u.s.c. 21 (B) (Religion Freedom Restoration)" or explained how this would be a violation of his right to religious freedom.

As to Plaintiff's general reference to medical malpractice, he seems to allege that he was "never administered proper medical attention" following an unidentified automobile accident. (Doc. 11.) He does not, however, provide any factual support as to who failed to administer the medical attention, what attention he did nor did not receive, when these acts or omissions occurred, how Defendant is responsible for any such alleged violation(s) of his rights or for any alleged malpractice, or how he was allegedly harmed as a result of Defendant's acts or omissions.[2]

Simply stated, Plaintiff has not alleged in his Complaint or response to the Show Cause Order (Docs. 1, 11) sufficient facts to allow the Court to determine the basis of the alleged medical

---

[2] It is also unclear whether Plaintiff has alleged a sufficient amount in controversy to invoke diversity jurisdiction pursuant to 28 U.S.C. §1332(a). In the form Civil Complaint, he demands "25,000 to 50,000" while in the form Employment Discrimination Complaint, he demands "20,000 to 60,000." (Doc. 1, at 4, 11.) The Court cannot determine whether these amounts are cumulative or overlap.

6

malpractice, violations of his civil rights, or employment discrimination. Given the dearth of factual information in the form Complaint and response to Show Cause Order (Docs. 1, 11), Plaintiff has failed to allege facts to support his potential claims against Defendant.[3]

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 12th day of December, 2023.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

---

[3] This Court has previously instructed Plaintiff about similar issues with insufficient Complaints in other lawsuits he has filed in this District. *Wheeler v. Coleman USA*, 22-1250-TC-KGG (Docs. 6, 14, 18) and *Wheeler v. Kanas Department for Children and Families*, 23-1021-JWB-GEB (Docs. 4 (text Order to Show Cause), 12, 20).