IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER,

        Plaintiff,

v.                                                                              Case No. 23-1240-JWB

FITZGIBBON HOSPITAL,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 18) to United States Magistrate Judge Severson's Report and Recommendation ("R&R") (Doc. 14). The R&R recommends dismissal of all claims asserted by Plaintiff in his complaint. Because the R&R recommends dismissal and Plaintiff filed a timely objection, this court reviews the R&R de novo. Fed. R. Civ. P. 72(b)(3). For the reasons stated herein, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

Plaintiff is proceeding pro se and in forma pauperis in this matter. As a pro se litigant, Plaintiff's pleadings are to be construed liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, the court may not assume the role of advocate for Plaintiff. *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999).

Plaintiff's complaint is comprised of two form complaints, one is the form civil complaint in which he asserts a claim of medical malpractice and a violation of his civil rights and the second is the form employment discrimination complaint in which he indicates a violation of his civil rights under Title VII and a violation of the Americans with Disabilities Act. (Doc. 1.) As noted by Magistrate Judge Severson in her show cause order, Plaintiff failed to set forth any facts relating

1

to his claims. (Doc. 5 at 5.) Rather, Plaintiff merely checked boxes on the forms and included an allegation of "medical malpractice" and "concerns of medical attention" in the sections asking for a factual statement. (Doc. 1 at 3, 9.) As a result, Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to state a claim. (Doc. 5.)

In response to the show cause order, Plaintiff submitted a short response that was "virtually indecipherable." (Doc. 14 at 5.) Plaintiff contends that he was not administered proper medical attention after a car wreck and he later notified authorities in Saline County. (Doc. 11.) Plaintiff claims he was held without medical "standards." (*Id.* at 1.) He further states that his medical history and release of information were given to staff in violation of 42 U.S.C. § 21. (*Id.*) Upon review of the response, Magistrate Judge Severson held that the additional allegations were not sufficient to state a claim against Defendant. (Doc. 14.) Although Plaintiff alleged claims of employment discrimination in his original complaint, he failed to set forth facts showing that he was employed by Defendant. Further, although Plaintiff alleged that he received medical treatment and had interaction with law enforcement, Plaintiff failed to set forth any specific factual allegations as to Defendant Fitzgibbon Hospital. Plaintiff's citations to 38 U.S.C. §§ 7316 and 1346(b) were perplexing because those statutes relate "to damages for personal injury allegedly arising from malpractice or negligence of a health care employee in cases in which the United States is a Defendant" and the United States is not a party to the action nor has Plaintiff alleged that Defendant is a government facility. (Doc. 14 at 6.) With respect to the allegation of a violation of Plaintiff's religious freedom, Plaintiff wholly failed to set forth any facts regarding such violation. Magistrate Judge Severson recommended that Plaintiff's complaint be dismissed for failure to state a claim. (*Id.* at 7.)

Plaintiff has filed an objection to the R&R. (Doc. 18.) Plaintiff's response is confusing, at best. Plaintiff states that he was a patient in the hospital from July 5 until July 11, 2023. Plaintiff states that he did not have "proper medical attention." (*Id.* at 1.) The remaining statements are incomprehensible. Plaintiff recites the statutes regarding medical malpractice by an employee of the United States. Plaintiff then states that he has photographs of his injuries and there are numerous inconsistencies in his medical records. Plaintiff's objection appears to be an attempt to restate his claims without any argument as to how his vague allegations support a claim under federal or state law. To the extent Plaintiff's allegations in his objection add to his previous allegations, the court declines to consider such allegations. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

After review of the complaint, the response to the show cause order, and Plaintiff's objection, the court agrees that this action should be dismissed. Plaintiff has entirely failed to plausibly state a claim against Defendant after being provided with an opportunity to do so. Further, this is not the first time that this court has instructed Plaintiff regarding insufficient allegations. *See* Doc. 5 at 6 n.2 (citing cases).

For the reasons stated in Magistrate Judge Severson's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to state a claim and must be dismissed. The R&R is hereby ADOPTED and Plaintiff's motion to witness (Doc. 17) is DENIED AS MOOT.
IT IS SO ORDERED. Dated this 4th day of January 2024.

                                              __s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE